UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC., et al.,

   Plaintiffs,

vs.                                         Case No. 8:11-cv-02273-JDW-MAP

BISLA AND BISLA, LLC, et al.,

   Defendants.
_____/

## ORDER

Before the Court are Plaintiffs' motion for summary judgment (Dkt. 33), Defendants' response in opposition (Dkt. 36), and Plaintiffs' reply (Dkt. 39). Upon consideration, the motion is granted in part.

Plaintiff BMI is a "performing rights society" which licenses the right to publicly perform copyrighted musical compositions on behalf of the copyright owners. BMI, along with the copyright owners, commenced this action, alleging that their copyrighted music was performed without authorization at Whiskey North, an establishment owned and operated by Defendant Bisla and Bisla, LLC. Plaintiffs also sued several individuals who are managing members of Bisla and Bisla, LLC.

Plaintiffs moved for summary judgment, based on Declarations of Kerri Howland-Kruse, an Assistant Vice President, Legal, of BMI and Lawrence E. Stevens, Senior Director, Business Affairs, of BMI. Plaintiffs also rely on requests for admissions that are deemed admitted because Defendants failed to respond within 30 days. *See* Fed. R. Civ. P. 36(a)(3). Notwithstanding the pending summary judgment motion, Defendants did not file any deposition testimony, affidavits, or other evidence to counter Plaintiffs' declarations or the deemed admissions. Instead, they filed a five page

memorandum of law that raised a single issue: that the deemed admissions should be withdrawn.

## Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, "the evidence of the non-movant is to be believed." *Hickson*, 357 F.3d at 1260 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). All factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* In resolving a motion for summary judgment, "the court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party." *Morrison*, 323 F.3d at 924.

## Copyright infringement

To establish a cause of action for copyright infringement, "a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendants copied protected elements from the [work]." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008). In actions alleging copyright infringement based on the unauthorized public performance of a musical composition, a plaintiff must show:

(1) the originality and authorship of the compositions involved;

2

    (2) compliance with all formalities required to secure a copyright under Title 17, United States Code;

    (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action;

    (4) that the compositions were performed publicly by the defendant; and

    (5) that the defendant did not receive permission from any of the plaintiffs or their representative[s] for such performance.

*Milk Money Music v. Oakland Park Entm't Corp.*, No. 09-CV-61416, 2009 WL 4800272, *2 (S.D. Fla. Dec. 11, 2009); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 479 (S.D. Ga. 1994).

    The averments in the Howland-Kruse Declaration establish the first, second, and third elements of Plaintiffs' copyright infringement claim, and the Stevens Declaration establishes the fourth and fifth elements. (Howland-Kruse Decl., ¶¶ 4, 5, Ex. A; Stevens Decl. ¶¶ 3, 5, 15, 16, Ex. D). Further, Plaintiffs have offered persuasive arguments to show that none of Defendants' affirmative defenses precludes summary judgment in their favor.

    As noted, Defendants have not offered any evidence to counter Plaintiffs' declarations. Nor have they argued that a fact issue exists as to any element of Plaintiffs' copyright infringement claim. And they did not present any arguments or evidence to support their affirmative defenses. *See Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) ("When a party moves for final, not partial, summary judgment, we have stated that 'it [becomes] incumbent upon the [nonmovant] to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in [the moving party's] favor.'") (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1264 (11th Cir. 2001)). On this record, there are no genuine issues of material fact regarding the acts of copyright infringement by Bisla and Bisla, LLC, and Plaintiffs are entitled to judgment as a matter of law.

### Injunctive relief

Although the federal Copyright Act authorizes injunctive relief, 17 U.S.C. § 502(a), "a permanent injunction does not automatically issue upon a finding of copyright infringement." *Peter Letterese & Assocs.*, 533 F.3d at 1323. A plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Plaintiffs argue that a permanent injunction is warranted because Bisla and Bisla, LLC willfully disregarded their copyrights and continued to make unauthorized public performances despite numerous demands to cease the infringement. However, Plaintiffs have not demonstrated that monetary damages would be inadequate to compensate for their injuries, and essential showing for injunctive releief. Accordingly, the request for an injunction is denied.

### Statutory damages

In lieu of actual damages and profits, Plaintiffs request $50,000 in statutory damages pursuant to 17 U.S.C. § 504(c). Section 504(c)(1) provides discretion to award any amount between $750 and $30,000 per act of infringement, "as the court considers just." Furthermore, if the infringement is found to be "willful," the award of statutory damages may be increased up to $150,000 per infringement. § 504(c)(2).

"The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes." *F.W. Woolworth*

4

*Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). In determining the appropriate statutory damage award, courts consider factors such as "the expenses saved or profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs, and the infringers' state of mind." *Milk Money Music*, 2009 WL 4800272, at *2 (citations omitted). And, as authorized by *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, courts often ensure that statutory damages exceed the amount of any unpaid license fees to discourage violation of the copyright laws. *Milk Money Music*, 2009 WL 4800272, at *3.

Plaintiffs have established six acts of infringement by Bisla and Bisla, LLC. They request statutory damages of $8,333 per act, or $50,000, which is approximately twice the amount Bisla and Bisla, LLC would have been required to pay Plaintiffs in licensing fees. (*See* Stevens Aff.). Plaintiffs notified Bisla and Bisla, LLC of its copyright violations on numerous occasions, yet Bisla and Bisla, LLC refused to purchase a license and continued to make unauthorized public performances. The record certainly supports a finding that Bisla and Bisla acted willfully. On this record, an award of $8,333 for each of the six acts of infringement, or $50,000, is reasonable.

### Individual liability

In their action against the individual Defendants, Plaintiffs seek to impose vicarious liability for Bisla and Bisla, LLC's infringement. A person "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). "Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.'" *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n. 19 (11th Cir. 2007) (quoting *Grokster*, 545 U. S. at 931 n.9).

In their collective answer, the individual Defendants denied that they had a direct financial interest in Bisla and Bisla, LLC or that they had the right and ability to supervise its activities, including the activities of Whiskey North (Dkt. 13, or ¶¶ 19, 21, 23, 25, 27).

On April 3, 2012, Plaintiffs served discovery requests, which, among other things, requested that Navdeep Bisla, Gurmit Bisla, Paramjit Bisla, and Peter Hannouche admit they had "a direct financial interest in Whiskey North" and that they "had the right and ability to direct and control its activities" (Dkts. 33-13 – 33-19). On July 27, 2012, Plaintiffs served Christopher Scott with the same requests for admissions. None of the Defendants responded within 30 days, and therefore, under Rule 36(a)(3), the requests were deemed admitted.

In opposing summary judgment, the individual Defendants request that they be entitled to withdraw the deemed admissions. While district courts have discretion to permit the withdrawal of deemed admissions, that discretion is severely circumscribed by Rule 36(b), which "specif[ies] exactly how that discretion is to be exercised." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1265 (11th Cir. 2002). In applying Rule 36(b), a two-part test must be followed:

> First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case.

*Perez*, 297 F.3d at 1264.

The first prong "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (quotations and quotation marks omitted). Withdrawal is proper where the admissions "essentially admit[] the necessary elements of the claims" and "effectively end[] the litigation." *Id.* (quotation and alterations omitted). In this action, the deemed

admissions go directly to "the core element" of vicarious liability, that is, whether the individuals profit directly from the infringement and have the right and ability to supervise the direct infringer. *Id.* The deemed admissions on which Plaintiffs rely are not mere tangential facts, and withdrawal would aid in the "ascertainment of the truth and the development of the merits." *Id.* (quotation omitted).

The second prong, prejudice, presents a closer question. The Eleventh Circuit has explained:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Perez*, 297 F.3d at 1266 (quotation omitted). Plaintiffs argue that they have suffered prejudice because Defendants failed to request withdrawal of the deemed admissions for several months, and the discovery deadline has now passed. However, under *Perez*, this is not sufficient reason to deny withdrawal. As the Eleventh Circuit has made clear, as long as "a trial on the merits ha[s] not begun," a district court should "simply extend[] the discovery deadlines" to enable a party to prove its case. *Perez*, 297 F.3d at 1268.

Plaintiffs protest that Defendants failed to cooperate with their earlier efforts to obtain discovery. While Plaintiffs' protestations are understandable, their argument, at best, is that they will be put to the "inconvenience in having to gather evidence, and this does not rise to a level of prejudice that justifies a denial of the withdrawal motion." *Id.* (quotation and alterations omitted).[1]

On this record, Defendants have satisfied both prongs of Rule 36(b), and therefore, the

---

[1] To the extent Plaintiffs argue that Defendants failed to offer any explanation as to why they waited to seek withdrawal of the deemed admissions, or that the delay was excessive, or that withdrawal would result in a waste of judicial resources, such arguments are foreclosed by *Perez*, which instructs that the only criteria that can be considered are the two prongs in Rule 36(b). 297 F.3d at 1265.

deemed admissions must be withdrawn. As the deemed admissions are the only evidence Plaintiffs submitted to demonstrate the vicarious liability of the individual Defendants, summary judgment is improper. Notwithstanding, Plaintiffs' arguments are well-taken. It appears that Defendants have not fulfilled their discovery obligations and even failed to appear for a scheduled mediation (Dkt. 40). While the discovery deadline will be extended, as required by *Perez*, any failure to comply with discovery requests will subject Defendants to sanctions, which may include the striking of Defendants' answers and entry of default.

## Conclusion

Accordingly, Plaintiffs' motion for summary judgment (Dkt. 33) is GRANTED *in part*, to the extent that partial summary judgment is entered in favor of Plaintiffs and against Bisla and Bisla, LLC. The clerk is directed to ENTER JUDGMENT in favor of Plaintiffs and against Defendant, Bisla and Bisla, LLC, in the principal amount of $50,000.00, plus post-judgment interest at the rate prescribed by 28 U.S.C. § 1961. The motion is denied in all other respects without prejudice.[2]

The discovery deadline is extended to <u>February 7, 2013</u>. The pretrial conference, scheduled for January 11, 2013 is reset to <u>May 10, 2013</u>. The trial term is reset to <u>June 3, 2013</u>. Plaintiffs are granted leave to file a second summary judgment motion by no later than March 1, 2013.

DONE AND ORDERED this 2nd day of November, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] Plaintiffs may refile their request for attorney's fees at the conclusion of this case.